**UNITED STATES of America**

v.

**INDIANA HARBOR BELT RAILROAD COMPANY.**

Civ. No. 4633.

United States District Court,
N. D. Indiana,
Hammond Division.
March 20, 1970.

William C. Lee, U. S. Atty., Fort Wayne, Ind., J. Frank Kimbrough, Asst. U. S. Atty., Hammond, Ind., Thomas Furphy, Atty., Dept. of Transportation, Federal Railroad Administration, Washington, D.C., for the Government.

Kenneth D. Reed, Hammond, Ind., for defendant.

## MEMORANDUM

BEAMER, District Judge.

This action was brought by the United States to recover statutory penalties for thirty-eight alleged violations of the Federal Safety Appliance Act, 45 U.S.C. § 1 et seq. The question at issue is whether the United States Attorney can initiate actions of this type on the basis of unsworn information.

The problem arises from the wording of 45 U.S.C. § 6, which provides, in part, as follows:

> Any common carrier engaged in interstate commerce by railroad using any locomotive engine, running any train, or hauling or permitting to be hauled or used on its line any car in violation of any of the provisions of sections 1–7 of this title, shall be liable to a penalty of $250 for each and every such violation, to be recovered in a suit or suits to be brought by the United States attorney in the district court of the United States having jurisdiction in the locality where such violation shall have been committed; and it shall be the duty of such United States attorney to bring such suits upon duly verified information being lodged with him of such violation having occurred; and it shall also be the duty of the Secretary of Transportation to lodge with the proper United States attorneys information of any such violations as may come to his knowledge * * *.

The Government's decision to initiate this action was based primarily on information contained in reports submitted by a field inspector to the Federal Railroad Administration[1] and forwarded to the United States Attorney. The reports were signed but not made under oath. Defendant maintains that they were not "duly verified" within the meaning of the statute, and that the Government therefore had no right to institute legal proceedings.

■■■ Assuming *arguendo* that the term "verified" as used in the statute does mean "sworn," the Court is still of the opinion that this action was properly brought. 28 U.S.C. § 547 provides that "Except as otherwise provided by law, each United States attorney, within his district, shall * * * [p]rosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned." Unless some other statute provides otherwise, that section constitutes sufficient authority for the filing of actions for statutory penalties. That authority is not restricted by 45 U.S.C. § 6, supra. The language relied on by defendant is a command, not a limitation. Ordinarily, United States attorneys have broad discretion in determining whether or not to institute legal proceedings. But under certain specified circumstances, 45 U.S. C. § 6, eliminates that discretion. When the district attorney is given verified information indicating a violation, the statute *mandates* him to file suit. However, he still has the *option* of filing suit on the basis of less compelling information.

This interpretation is consistent, not only with the plain meaning of the clause in question, but also with the apparent purpose of the statute as a whole. Throughout, the statute evinces a Congressional concern with enforcement. The Secretary of Transportation has no discretion: the statute makes it his "duty" to forward any information indicating that a violation has occurred. Against that background, it seems highly unlikely that Congress would have limited the circumstances under which the United States could file suit. The

---

1. The F.R.A. is a sub-agency of the Department of Transportation.

more reasonable interpretation of the statute is the one adopted here: pursuant to the authorization of 28 U.S.C. § 547, the United States attorney may file suit whenever he thinks the facts warrant it; but it becomes his duty to file suit when presented with verified information that a violation has occurred.